1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   KIM EDWARD ROGERS,                           No.  2:15-cv-396-MCE-EFB PS

11                 Plaintiff,

12        v.                                       ORDER

13   USA; CEO of USA; DALE A. DROZD,
     Magistrate; MICHAEL MCCOY,
14   Attorney; RACHEL BARBOUR, Attorney;
     SHERIFF JAMES WILLIAMS,
15
                   Defendants.
16

17
          Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  The
18
     declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF Nos. 2, 3 at
19
     9.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).
20
          Determining that plaintiff may proceed *in forma pauperis* does not complete the required
21
     inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the
22
     allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on
23
     which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed
24
     below, plaintiff's complaint fails to state a claim and must be dismissed.
25
     /////
26

27   _____

28        [1] This case was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C.
     § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

17   requires a complaint to include "a short and plain statement of the claim showing that the pleader

18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

19   upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20    Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

21   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

22   511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

23   confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

24   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

25   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

26   authorized by a federal statute that both regulates a specific subject matter and confers federal

27   jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

28   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1   matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2   *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

3   of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

4   subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

5   *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6          As an initial matter, the original complaint filed in this action was submitted by Jayaton-

7   Kerry Thomas, as "Authorized Rep" for plaintiff Kim Rogers, and was not personally signed by

8   plaintiff.  ECF No. 1.  There is no indication from the record that Mr. Thomas, who is plaintiff's

9   brother, is an attorney at law.  Unless he is an attorney he may not represent plaintiff nor may he

10  sign pleadings on behalf of plaintiff.  Rule 11 of the Federal Rules of Civil Procedure requires

11  that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of

12  record in the attorney's name—or by a party personally if the party is unrepresented."  Fed. R.

13  Civ. P. 11(a).  In addition, Local Rule 183(a) requires that any individual who is representing

14  himself without an attorney must appear personally or by courtesy appearance by an attorney and

15  may not delegate that duty to any other individual.  E.D. Cal. L.R. 183(a).  Accordingly, Mr.

16  Thomas may not file and sign documents on behalf of plaintiff or otherwise represent plaintiff's

17  interests in this action.  *See Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997)

18  (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney

19  does not give non-lawyer right to assert the personal constitutional claims of another); *Robles v.*

20  *Mgmt. & Training Corp.*, No. 1:09-cv-1279-AWI-GSA, 2010 WL 3154122 (E.D. Cal. Aug. 6,

21  2010) (denying plaintiff's motion to allow his daughter, a non-attorney, to represent him in

22  lawsuit).

23          Plaintiff did not sign the original complaint (ECF No. 1) and that document will be

24  disregarded.  However, plaintiff has subsequently filed a declaration, which includes a copy of the

25  complaint that he personally signed.  ECF No. 3.  Accordingly, the court construes plaintiff's

26  declaration and its attached signed complaint as the operative complaint in this action.  That

27  complaint alleges that on November 16, 2014, plaintiff was pulled over and detained by a

28  California Highway Patrol Officer.  ECF No 3 at 3.  He alleges that after he was arrested he was

1   taken to CHP South Sacramento headquarters, where he was coerced and intimidated into signing

2   away his rights and giving "a statement concerning the unlawful search and seizure of my vehicle

3   and property." *Id.* He alleges that he was never Mirandized and that he was also not permitted to

4   contact his family and friends. *Id.* at 4. He further alleges that after he was detained, CHP had

5   his vehicle towed even though he was legally parked in a safe neighborhood. He contends that

6   this conduct deprived him of his right to due process. *Id.*

7        Subsequent to his arrest a Pretrial Services report allegedly containing false and

8   misleading information was submitted to then Magistrate Judge Dale Drozd which recommended

9   detention.[2] *Id.* at 6. Plaintiff claims that Judge Drozd failed to perform his judicial function by

10   not granting plaintiff an opportunity to rebut the report. *Id.* at 7. He also alleges that he has not

11   been "vigorously defended" by his appointed counsel, which have included Michael Aye and

12   Matthew Scoble. *Id*, at 2.

13        Plaintiff's vague and conclusory allegations are not sufficient to state a proper claim for

14   relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

15   notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev.*

16   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of

17   particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because

18   plaintiff fails to state a claim for relief, the complaint must be dismissed.

19        To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

20   constitutional or statutory right; and (2) that the violation was committed by a person acting under

21   the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

22   930, 934 (9th Cir. 2002).

23        An individual defendant is not liable on a civil rights claim unless the facts establish the

24   defendant's personal involvement in the constitutional deprivation or a causal connection between

25   the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v.*

26   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

27

28        [2] Judge Drozd is currently a United States District Judge.

4

1    Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional

2    conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  He must identify

3    the particular person or persons who violated his rights.  He must also plead facts showing how

4    that particular person was involved in the alleged violation.

5            A municipal entity or its departments is liable under section 1983 only if plaintiff shows

6    that his constitutional injury was caused by employees acting pursuant to the municipality's

7    policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);

8    *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic*

9    *Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Local government entities may not be held

10   vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory

11   of respondeat superior.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

12           The complaint appears to assert a section 1983 claim for violation of plaintiff's right to

13   due process based on his wrongfully arrested.  The complaint, however, fails to identify the

14   specific individual that violated his constitutional rights.  The complaint's caption page lists

15   Sheriff James Williams as a defendant, but plaintiff does not allege that this individual personally

16   participated in the deprivation of his constitutional rights.  Accordingly, plaintiff has failed to

17   state a claim based on the alleged wrongful arrest.

18           In addition, plaintiff's court-appointed attorneys cannot be sued under § 1983.  *See Polk*

19   *County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state

20   law for purposes of § 1983 when performing a lawyer's traditional functions).  And any potential

21   claims for legal malpractice do not come within the jurisdiction of the federal courts.  *Franklin v.*

22   *Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).

23            Lastly, plaintiff fails to state a claim against former Magistrate Judge Drozd.  "Judges

24   are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their

25   courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all

26   jurisdiction or performs an act that is not judicial in nature."  *Schucker v. Rockwood*, 846 F.2d

27   1202, 1204 (9th Cir. 1988) (per curiam).  Plaintiff's allegations indicate that Judge Drozd's

28   actions were judicial in nature, and therefore he is entitled to judicial immunity.

1    For these reasons, plaintiff's complaint fails to state a claim upon which relief can be

2 granted.  Plaintiff will be granted leave to file an amended complaint, if he can allege a

3 cognizable legal theory against a proper defendant and sufficient facts in support of that

4 cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*)

5 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

6 their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

7 shall clearly set forth the claims and allegations against each defendant.  Any amended complaint

8 must cure the deficiencies identified above and also adhere to the following requirements:

9    Any amended complaint must identify as a defendant only persons who personally

10 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

11 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

12 constitutional right if he does an act, participates in another's act or omits to perform an act he is

13 legally required to do that causes the alleged deprivation).

14    It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

15 Any amended complaint must be written or typed so that it so that it is complete in itself without

16 reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

17 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

18 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

19 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

20 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

21 1967)).

22    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

23 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

24 *See* Local Rule 110.

25    Accordingly, it is hereby ORDERED that:

26    1.  Plaintiff's request for leave to proceed *in forma pauperis* (ECF Nos. 2, 3) is granted.

27    2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

28 /////

6

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case, must be labeled "Amended Complaint," and must be signed by plaintiff himself.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  May 23, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7